UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE FRANKLIN, JR and MARY
ALISA FRANKLIN,

                          Plaintiffs,     CIVIL CASE NO. 04-40286

v.

STATE FARM MUTUAL AUTOMOBILE     HONORABLE PAUL V. GADOLA
INSURANCE COMPANY,     U.S. DISTRICT COURT

                          Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

     Plaintiffs Lawence Franklin, Jr. and Mary Alisa Franklin filed this PIP attendant care suit against Defendant State Farm Mutual Automobile Insurance Co. ("State Farm") in Wayne County Circuit Court on September 10, 2004. Plaintiffs seek $485,400.00 in compensation for attendant care services. Defendant removed the suit to this Court on October 4, 2004. On January 6, 2006, Defendant moved for summary judgment on Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 56. For the reasons set out below, the Court grants Defendant's motion.

**I.**     **Background**

     Plaintiff Mary Alisa Franklin was injured in a motor vehicle accident on September 21, 1996. Because of the accident, Mary suffered some paralysis, having only 25% sensation below her waist, and now uses a wheelchair. She has chronic pain and takes medication. Mary Franklin currently receives 24-hour care, 7 days a week. Plaintiff Lawence Franklin, Jr. is her husband and primary attendant care provider. Pursuant to Michigan's no-fault act, State Farm has paid over one million dollars in benefits to Mary.

On May 4, 1998, Mary and State Farm signed and executed a document entitled "Release of Michigan No-Fault Personal Injury Protection Benefits." Mary received $38,110.68 from State Farm in consideration for releasing her claims for wage loss and replacement services. On August 14, 2000, Mary and State Farm signed and executed a Modified Van Release. Mary received $42,540.00 from State Farm in consideration for releasing all claims for medical mileage or any other transportation expenses. The agreement also required that Mary purchase a van modified to include handicap adaptive equipment suited to her needs. However, Mary did not use all the funds to obtain a fully modified van, and she deposited $9,000.00 in remaining funds into her bank account.

On December 16, 2002, Mary and State Farm signed and executed a third release, entitled "Release Agreement for Settlement of Home Modifications Claim." In this release, Mrs. Franklin received $179,250.00 for modifications to her then-current residence located at 17406 Beaverland in Detroit, in consideration for the full release of State Farm from all claims for any modifications on future residences. The relevant passages of the release stated the following:

> 1. The above mentioned sum of money has been paid by State Farm to modify the Residence presently owned by the undersigned situated at 17406 Beaverland, Detroit, MI. The title to the house shall remain in the name of the Undersigned, Mary Franklin, and she shall continue to won said real estate in her own name, including all modifications and additions, free of any lien by State Farm Mutual Automobile Insurance Company. This release encompasses modifications to the undersigned's current residence only and by this release the undersigned agrees to release all claims for any future residence she may or at which she may reside.
>
> 2. The undersigned, Mary Franklin, agrees that the home modifications will be completed within six months from the date that this agreement is signed and that State Farm will pay for reasonable and necessary attendant care for 24 hours per day for the six month time period, after which State Farm will determine the appropriate care and number of hours necessary for Mary Franklin to live in a barrier free home regardless of whether the home modifications have been completed.

Def. Mot., Ex. 4 (Jan. 6, 2006).

The Franklins admit that they did not spend the $179,250.00 received from State Farm on home modifications. No modifications were made to their home at 17406 Beaverland, in Detroit. Instead, the Franklins used $21,000.00 of the settlement money as a down payment on a new home in Southfield, Michigan, and placed the remaining balance of $158,250.00 into their bank account in order to live off the money.

State Farm paid Mary for 24-hour attendant care through June 16, 2003, at a rate of $13.00/hour. At that time, State Farm ceased payments for attendant care, alleging that Mary would not require any attendant care in an environment that was wheelchair accessible. Plaintiffs claim that Mary is still in need of 24-hour attendant care. In their Complaint, Plaintiffs request an award for the costs of past attendant care, at a rate of $25.00/hour, for a total approximately amounting to $485,000.00.

**II.    Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475

U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), aff'd, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III.   Analysis

State Farm argues that summary judgment in its favor is appropriate because the Franklins are no longer entitled to attendant care benefits. The Franklins argue in response that they never released State Farm from its obligation to pay for attendant care services. The main argument of the Franklins rest on a clause from paragraph 2 of the third release entitled "Release Agreement for Settlement of Home Modifications Claim": ". . . which State Farm will determine the appropriate care and number of hours necessary for Mary Franklin to live in a barrier free home *regardless of whether the home modifications have been completed*." Def. Mot., Ex. 4 (Jan. 6, 2006) (emphasis added). The Franklins argue that this language indicates that State Farm contemplated paying for attendant care services, regardless of whether home modifications were completed or even started. Consequently, the Franklins argue that this language does not release State Farm from its obligation to pay for attendant care services, regardless in which home the Franklins are living.

The Court disagrees with Plaintiffs.

> A release of liability is valid if it is fairly and knowingly made. The scope of a release is governed by the intent of the parties as it is expressed in the release.

5

> If the text in the release is unambiguous, we must ascertain the parties' intentions from the plain, ordinary meaning of the language of the release. The fact that the parties dispute the meaning of a release does not, in itself, establish an ambiguity. A contract is ambiguous only if its language is reasonably susceptible to more than one interpretation. If the terms of the release are unambiguous, contradictory inferences become "subjective, and irrelevant", and the legal effect of the language is a question of law to be resolved summarily.

*Wyrembelski v. City of St. Clair Shores*, 553 N.W.2d 651, 652-53 (Mich. Ct. App. 1996) (citations omitted). Looking at the plain, ordinary meaning of the language of the release in the current case, it is unambiguously clear that State Farm did not intend to be continually liable for the full amount of 24-hour attendant care benefits. The clause "regardless of whether the home modifications have been completed" must be read in context with paragraphs 1 and 2 of the release. In paragraph 1 of the release, the Franklins were required to use the $179,250.00 given to them by State Farm for modifying their Beaverland residence. *See* Def. Mot., Ex. 4 (Jan. 6, 2006) ("The above mentioned sum of money has been paid by State Farm to modify the Residence presently owned by the undersigned situated at 17406 Beaverland, Detroit, MI."). Paragraph 2 of the release then stated that these home modifications would be completed within six months. State Farm committed itself to paying for 24-hour attendant care during this six-month time period. Paragraph 2 then went on to state that at the end of this six-month period, "State Farm will determine the appropriate care and number of hours necessary for Mary Franklin to live in a barrier free home regardless of whether the home modifications have been completed." Def. Mot., Ex. 4 (Jan. 6, 2006). In other words, State Farm was going to examine the modifications of the Beaverland residence, evaluate how much Mary's attendant care was lessened by the home modifications, and then pay for the difference in the attendant care.

The plain language of the release does not contemplate that the Franklins would live off the

money and use it to buy another home with no modifications. Yet, it is undisputed that the Franklins used the money given by State Farm in this unintended manner. From the language of the release, it is clear that the $179,250.00 was offered by State Farm for home modifications that would lessen the amount of attendant care required by Mary, and that State Farm did not plan to continue paying for 24-hour attendant care if the money was not used for home modifications. It is clear that State Farm reserved the right to reevaluate the amount of attendant care required by Mary after modifications had been done to the Beaverland home. Accordingly, this Court agrees with State Farm's argument that pursuant to the frustration of purpose doctrine, any performance required by State Farm is excused under the current circumstances. *See Molnar v. Molnar*, 313 N.W.2d 171, 173 (Mich. Ct. App. 1981). Plaintiffs have frustrated the purpose of the release by misusing the money intended for home modifications that would lessen the cost of Mary's attendant care. Based on the plain language of the release, the parties never intended that State Farm remain obliged to pay for 24-hour attendant care after the $179,250.00 was not used for home modifications. Therefore, there is no genuine issue of material fact, and as a matter of law, summary judgment in favor of Defendant State Farm is appropriate under the circumstances.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [docket entry 19] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action, Case No. 04-40286, is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated:   September 29, 2006           s/Paul V. Gadola
                                      HONORABLE PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on ___October 2, 2006___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____James F. Hewson; Mark L. Silverman_____ , and
I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____ .


s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845