UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE FRANKLIN, JR., and MARY
ALISA FRANKLIN,

                        Plaintiffs,    CIVIL CASE NO. 04-40286

v.                                         HONORABLE PAUL V. GADOLA
                                                   U.S. DISTRICT COURT
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                        Defendant.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND
GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES**

      Before the Court is Defendant's motion for attorney fees filed on October 20, 2006, and Plaintiffs' motion for reconsideration filed on November 2, 2006. On the same day as the filing of their motion for reconsideration, Plaintiffs filed a response to Defendant's motion for attorney fees. Strangely, Plaintiffs' response to the motion for attorney fees is a document identical to Plaintiffs' motion for reconsideration. For the reasons that follow, the Court will deny Plaintiffs' motion for reconsideration and grant Defendant's motion for attorney fees.

**I.**      **Plaintiffs' Motion for Reconsideration**

      In their motion for reconsideration, Plaintiffs seek a reversal of this Court's order granting Defendant's motion for summary judgment, issued on September 29, 2006. Local Rule 7.1(g) for the Eastern District of Michigan permits a party to file a motion for reconsideration within 10 days after entry of the judgment or order. Plaintiffs' motion for reconsideration was filed more than 10 days after entry of the Court's order granting summary judgment, and thus it is untimely.

      The local rule governing motions for reconsideration further states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(g)(3).

The purpose of a motion for reconsideration is not to permit parties to reargue an issue before the Court. Instead, the motion requires a party to bring to the attention of the Court "a palpable defect" that would have affected the disposition of the case. Plaintiffs' current motion for reconsideration simply disagrees with the Court's order and reiterates Plaintiffs' arguments supporting their position. The Court concludes that Plaintiffs have not demonstrated a "palpable defect by which the court and the parties have been misled," which is required by the rule, and that Plaintiffs are "merely present[ing] the same issues ruled upon by the court," which is prohibited by the rule. E.D. Mich. L.R. 7.1(g)(3). Accordingly, the Court denies Plaintiffs' motion for reconsideration.

## II.     Defendant's Motion for Attorney Fees

In its motion, Defendant argues that it is entitled to an award of attorney fees in this matter pursuant to M.C.L. § 500.3148(2). This provision states: "An insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation." M.C.L. § 500.3148(2). Plaintiffs' only response to the motion for attorney fees consists of their reiterated argument that the language of the contract was ambiguous as to whether Defendant was released from its obligation to pay for attendant care. Plaintiffs do not oppose Defendant's method of calculating attorney fees.

2

In the September 29, 2006 order granting summary judgment in favor of Defendant, this Court ruled that the contract language was not ambiguous. Instead, the Court found that based on the clear and plain language of the contract, the parties never intended for Defendant to be obliged to pay for 24-hour attendant care after the $179,250.00 given to Plaintiffs was not used for home modifications as required by the contract. Consequently, the Court found that there was no genuine issue of material fact and, as a matter of law, summary judgment was appropriate for Defendant. Accordingly, instead of the $485,000.00 Plaintiffs claimed, this Court found that Plaintiffs were entitled to recover nothing from Defendant. Having considered the circumstances of this case, the Court finds that Plaintiffs' claim for $485,000.00 is "so excessive as to have no reasonable foundation." *See* M.C.L. § 500.3148(2). As a result, Defendant is entitled to an award of reasonable attorney fees as authorized by M.C.L. § 500.3148(2). After a review of Defendant's motion and the attached exhibits, the Court finds that Defendant's calculation of attorney fees is reasonable. Consequently, the Court grants Defendant's motion for attorney fees.

**III.   Conclusion**

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration [docket entry 25] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for attorney fees [docket entry 23] is **GRANTED**.

**SO ORDERED.**

Dated:   November 17, 2006             s/Paul V. Gadola
                                       HONORABLE PAUL V. GADOLA
                                       UNITED STATES DISTRICT JUDGE

3

Certificate of Service

I hereby certify that on   November 17, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

      James F. Hewson; Mark L. Silverman   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

            s/Ruth A. Brissaud
            Ruth A. Brissaud, Case Manager
            (810) 341-7845